UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KEVIN THOMAS MERKEL,

        Petitioner,

                                   CASE NO. 06-CV-13885
v.                                 HONORABLE PAUL V. GADOLA
                                 UNITED STATES DISTRICT JUDGE

HAROLD WHITE,

        Respondent.

_____/


## OPINION AND ORDER DENYING THE MOTION FOR SUMMARY JUDGMENT AND COMPELLING ANSWER ADDRESSING PETITION'S MERITS AND THE RULE 5 MATERIALS

      This matter is before the Court on Respondent's motion for summary judgment on the ground that Petitioner's application for writ of habeas corpus is barred by the statute of limitations found in 28 U.S.C. § 2244(d)(1). Petitioner has filed a response to the motion for summary judgment. Having reviewed the pleadings and the issues raised by petitioner in his habeas application, the Court will deny the motion for summary judgment and will order that an answer addressing the merits of the petition be filed in this matter within thirty days of the Court's order. Respondent is also ordered to file the Rule 5 materials with this Court at the time that it files its answer.

      A habeas petitioner challenging the legality of his or her state custody is entitled to a reasonably prompt disposition of his or her habeas petition. *Ukawabutu v. Morton*, 997 F. Supp. 605, 610 (D.N.J. 1998). Respondent in this case simply filed a motion for summary judgment without addressing the merits of petitioner's claims. An answer to a habeas petition is not like an answer to a civil complaint. It should respond to the allegations of the habeas petition. *Id.* at 608-09; *See also Chavez v. Morgan*, 932 F. Supp. 1152, 1153 (E.D. Wis. 1996)(a motion to dismiss is generally

1

not the appropriate pleading in response to a petition for writ of habeas corpus; an appropriate response is an answer which responds to each allegation contained in a habeas petition). Therefore, unless a federal court grants a respondent leave to file a motion for summary judgment or a motion to dismiss, an answer to a habeas petition should respond in an appropriate manner to the factual allegations contained in the petition and should set forth legal arguments in support of respondent's position, both the reasons why the petition should be dismissed and the reasons why the petition should be denied on the merits. *Ukawabutu,* 997 F. Supp. at 609. The practice of filing these "piecemeal" motions is inconsistent with the Rules Governing Section 2254 Cases in the United States District Courts, with 28 U.S.C. § 2254(b)(2), which gives district courts the discretion to consider and deny unexhausted claims on their merits, and with fundamental principles of efficient case management. *Id.* at 607.

In the present case, there are several difficulties with granting Respondent's motion for summary judgment. Petitioner's direct appeals were concluded when the Michigan Supreme Court denied him leave to appeal on July 28, 2003. *People v. Merkel,* 469 Mich. 861; 666 N.W. 2d 672 (2003). Petitioner's conviction became final, for purposes of 28 U.S.C. § 2244(d)(1), when the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Petitioner's judgment therefore became final on October 26, 2003, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *See Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088 (E.D. Mich. 2004). Petitioner therefore had until October 26, 2004 to file his petition with this Court unless the limitations period was somehow tolled.

Respondent contends that Petitioner filed a post-conviction motion for relief from judgment with the state courts on August 2, 2004, after two hundred and eighty one days had expired on the one year limitations period. Although petitioner, in fact, indicated in his initial habeas petition that this was the date that the post-conviction motion was filed, in his response to the motion for

summary judgment, petitioner contends that he actually filed his state post-conviction motion on July 7, 2004, when only two hundred and fifty five days had elapsed on the one year limitations period. Petitioner has provided the Court with some documentation in support of his claim.

28 U.S.C. § 2244 (d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Fugate v. Booker,* 321 F. Supp. 2d 857, 860 (E.D. Mich. 2004). A post-conviction application remains pending in the state courts, for purposes of § 2244(d)(2), until it "has achieved final resolution through the state's post-conviction procedures." *Carey v. Safford,* 536 U.S. 214, 220 (2002). Post-conviction proceedings were completed in this case on May 30, 2006, when the Michigan Supreme Court denied petitioner's post-conviction appeal.

*People v. Merkel,* 475 Mich. 867; 714 N.W. 2d 300 (2006). [1]

If respondent is correct in her assertion that petitioner's post-conviction motion was filed with the state trial court on August 2, 2004, petitioner would have only had eighty four days remaining under the limitations period following the denial of his post-conviction appeal by the Michigan Supreme Court on May 30, 2006, to file his habeas petition in this case. Under respondent's calculation, petitioner would have only had until August 23, 2006 to timely file his petition with this Court. Because the petition was not filed until one day later, on August 24, 2006, the instant petition would be untimely under the respondent's version of the facts. On the other hand, if petitioner filed his post-conviction motion with the trial court on July 7, 2004, as he contends, petitioner would have one hundred and ten days remaining under the limitations period following the denial of his post-conviction appeal by the Michigan Supreme Court to file his

---

[1] The U.S. Supreme Court has now held that the limitations period is not further tolled pursuant to 28 U.S.C. § 2244(d)(2) for the time during which a petition for writ of certiorari could be filed with the Supreme Court seeking review of the denial of state post-conviction relief. *See Lawrence v. Florida,* 127 S. Ct. 1079, 1083-85 (2007). This ruling, however, does not affect the Court's decision in this case.

petition. Under this scenario, petitioner would have had until September 17, 2006 to timely file his petition with this Court. Because petitioner's habeas application was filed prior to this date, his petition would be timely, assuming that petitioner had initiated state post-conviction proceedings on July 7, 2004, as he contends.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

In the present case, petitioner's various pleadings raise a genuine issue of material fact as to the actual date that petitioner filed his post-conviction motion for relief from judgment in the state courts, so as to trigger the tolling provisions of 28 U.S.C. § 2244 (d)(2). Moreover, compounding the difficulty of resolving the limitations question is the fact that respondent has failed to file the Rule 5 materials in this case, even though she was ordered to do so by the Court in its responsive pleading order. Accordingly, Respondent has failed to show that she is entitled to summary judgment in this matter.

In addition, although the issue of whether a claim is procedurally barred should ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo,* 169 F. 3d 1155, 1162 (8th Cir. 1999)(internal citations omitted). In the present case, because of the complexities involved, it appears that it would be easier and more judicially efficient to adjudicate petitioner's claims on the merits rather than by trying "to untangle the complexities of the timeliness issue." *See Jones v. Bowersox,* 28 Fed. Appx. 610, 611 (8th Cir.

2002). Accordingly, the Court believes that the ends of justice would be better served by requiring Respondent to file an answer that addresses the merits of petitioner's claims.

The Court will therefore deny the motion for summary judgment and order the respondent to file an answer that responds to the merits of petitioner's habeas claims within thirty days of the Court's order. *See Erwin v. Elo*, 130 F. Supp. 2d 887, 890-91 (E.D. Mich. 2001); 28 U.S.C. § 2243.

The Court will also order respondent to provide the Court with the Rule 5 materials at the time that it files its answer. The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Burns v. Lafler,* 328 F. Supp. 2d 711, 717 (E.D. Mich. 2004); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. An appropriate response to a habeas petition is an answer which responds to each allegation contained in the petition and which attaches copies of the relevant judgment of conviction, any available and relevant transcripts, and any post-conviction pleadings and decisions. *Chavez*, 932 F. Supp. at 1153.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the motion for summary judgment [docket entry # 6] is **DENIED.**

**IT IS FURTHER ORDERED** that Respondent **SUBMIT** an answer addressing the merits of Petitioner's habeas claims within **THIRTY (30) DAYS** of the date of this order.

**IT IS FURTHER ORDERED** that Respondent **FILE** the entire state record with the Court at the time that it files its answer.

**SO ORDERED.**

Dated:   August 30, 2007                                    s/Paul V. Gadola
                                                            HONORABLE PAUL V. GADOLA
                                                            UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on ___August 30, 2007___, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Raina I. Korbakis _____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Kevin Merkel _____.

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845