UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN THOMAS MERKEL,

        Petitioner,

v.

        CASE NO. 06-CV-13885
        HONORABLE STEPHEN J. MURPHY, III
        UNITED STATES DISTRICT JUDGE

HAROLD WHITE,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE
PETITION FOR WRIT OF HABEAS CORPUS**

Kevin Thomas Merkel, ("Petitioner"), presently confined at the Parnall Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se,* Petitioner challenges his conviction for arson of a dwelling house, M.C.L. 750.72, and second-degree home invasion, M.C.L. 750.110a(3). For the reasons stated below, Petitioner's application for writ of habeas corpus will be **DENIED**.

**I.    Background**

Petitioner was convicted of the above offenses following a jury trial in the Antrim County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Merkel,* No. 236041 (Mich. Ct. App. Dec. 13, 2002). Petitioner then attempted to file a *pro se* motion for reconsideration, in which he attempted to raise for the first time, the issues that make up the second, third, and fourth claims in his current petition. The Michigan Court of Appeals rejected Petitioner's motion for reconsideration on January 9, 2003, as being untimely because it was not filed within the applicable twenty-one day time limit under M.C.R. 7.215(I)(1). Petitioner then filed a delayed application for

1

leave to appeal to the Michigan Supreme Court, which was denied. *People v. Merkel,* 469 Mich. 861; 666 N.W.2d 672 (2003).

Petitioner subsequently filed a post-conviction motion for relief from judgment, in which he again presented the second, third, and fourth claims that he raises in the instant petition. Petitioner also raised a claim of ineffective assistance of appellate counsel. The trial court denied the motion, finding that Petitioner had failed to show cause and prejudice, *see* M.C.R. 6.508(D)(3)(a), for failing to raise these claims on his appeal of right. *People v. Merkel,* No. 01-3445-FH (Antrim County Circuit Court, January 6, 2004). The Michigan appellate courts denied Petitioner's post-conviction appeals pursuant to M.C.R. 6.508(D). *People v. Merkel,* No. 261755 (Mich. Ct. App. Oct. 14, 2005); *lv. den.* 475 Mich. 867; 714 N.W.2d 300 (2006).

Petitioner subsequently filed the present petition for writ of habeas corpus in which he seeks relief on the following grounds:

> I. Petitioner was deprived of his Sixth Amendment constitutional right to the effective assistance of appellate counsel during his appeal of right, where counsel failed to raise obvious meritorious issues while focusing on weaker claims, then refused to file Petitioner's supplemental brief in which he attempted to raise the issues himself, thereby resulting in a procedural default, constituting deficient performance and prejudice.
>
> II. Petitioner is entitled to a *Jackson v Denno* hearing where his rights against self-incrimination and due process were violated by the state's admission of his involuntary confession during trial obtained without a valid waiver of his Miranda rights. US Const Am V, XIV.
>
> III. Petitioner was deprived of due process of law where the prosecution's expert witness invaded the province of the court by injecting his inadmissible and erroneous opinions on the legal definitions of mental illness and legal insanity premised on his interpretation of Michigan case law, not statutory law defined by the Michigan Legislature. US Const Am XIV.
>
> IV. Petitioner was denied his constitutional right to due process and his right to present a viable defense where the trial court was required to give a misleading and

confusing instruction on the burden of proof necessary to find him insane or guilty but mentally ill. US Const Am XIV.

In March 2007, respondent filed a motion for summary judgment, seeking to dismiss the petition on the ground that Petitioner had failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner filed a reply. On August 30, 2007, this Court issued an order denying respondent's motion and directing respondent to submit an answer addressing the merits of Petitioner's claims. *See Merkel v. White,* No. 2007 WL 2463318 (E.D. Mich. Aug. 30, 2007).

Respondent has now filed an answer in opposition to the petition for writ of habeas corpus, which is construed as a motion to dismiss, arguing that Petitioner's claims are barred by procedural default. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999).

## II. Discussion

Respondent contends that Petitioner's claims are procedurally defaulted because Petitioner raised these claims for the first time in his post-conviction motion and has failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

Federal habeas relief may be precluded as to claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). A petitioner's procedural default in the state courts will preclude federal habeas review if the last state court rendering a judgment in the case rested its judgment on the procedural default. *Id.* at 85. In such a case, a federal court must determine not only whether a petitioner has failed to comply with state procedures, but also whether the state court relied on the procedural default or, alternatively, chose to waive the procedural bar.

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on

direct appeal, absent a showing of good cause for the failure to raise such grounds previously and absent a showing of actual prejudice resulting therefrom.

In the present case, the Antrim County Circuit Court denied Petitioner's post-conviction motion, finding that he had failed to establish good cause, *see* M.C.R. 6.508(D)(3)(a), for failing to raise his claims in his appeal of right. The Michigan appellate courts denied Petitioner leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." Under the circumstances, the Michigan courts clearly invoked the provisions of M.C.R. 6.508(D)(3) to procedurally bar Petitioner's claims. *See, e.g., Howard v. Bouchard,* 405 F. 3d 459, 477 (6th Cir. 2005). Therefore, this court is precluded from reviewing these habeas claims. *Wainwright*, 433 U.S. at 85-87.

Moreover, Petitioner has failed to exhaust his available state court remedies before proceeding on his petition for writ of habeas corpus. As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b)-(c); *Picard v. Connor*, 404 U. S. 270, 275-278 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Grant v. Rivers*, 920 F. Supp. 769, 779 (E.D. Mich. 1996).

Presenting additional issues to an intermediate state appellate court for the first time in a motion for rehearing, as Petitioner did with respect to his second, third, and fourth claims, does not constitute a fair presentation of claims for purposes of exhaustion. *Gunter v. Maloney,* 291 F. 3d 74, 81-82 (1st Cir. 2002); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F. 2d 665, 669 (7th Cir. 1990). *See*

4

*also*, *Paredes v. Johnson*, 230 F. 3d 1359, 2000 WL 1206544, at *1-2 (6th Cir. Aug. 18, 2000)(issues raised for the first time in a motion for rehearing with the Michigan Court of Appeals unexhausted for purposes of federal habeas review). In this case, the Michigan Court of Appeals rejected Petitioner's motion for reconsideration as being untimely because it was not filed within the twenty-one day time limit as required by M.C.R. 7.215(I)(1) for filing a motion for reconsideration. Therefore, the mere fact that Petitioner attempted to raise his second, third, and fourth claims in a motion for reconsideration before the Michigan Court of Appeals on his direct appeal and in his subsequent application for leave to appeal to the Michigan Supreme Court is insufficient to constitute fair presentation of his claims to the Michigan appellate courts, so as to excuse him from the cause and prejudice requirements of 6.508(D)(3)(a).

In addition, the fact that Petitioner may have raised these claims in his application for leave to appeal with the Michigan Supreme Court is also insufficient for exhaustion purposes. When an appellant fails to appeal an issue to the Michigan Court of Appeals, the issue is considered waived before the Michigan Supreme Court. *Lawrence v. Will Darrah & Assoc., Inc.,* 445 Mich. 1, 4, fn. 2; 516 N.W. 2d 43 (1994); *Butcher v. Treas. Dep't.*, 425 Mich. 262, 276; 389 N.W. 2d 412 (1986). Therefore, Petitioner's failure to raise these claims in his appeals to the Michigan Court of Appeals precluded the Michigan Supreme Court from considering the issues in his application for leave to appeal. Moreover, raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Because Petitioner failed to present these claims in his appeal of right with the Michigan Court of Appeals, his subsequent presentation of these claims to the Michigan Supreme Court did not satisfy the exhaustion requirement for habeas purposes. *See*

*Ellison v. Brown*, 16 F. 3d 1219, 1994 WL 43440, at *2 (6th Cir. Feb. 14, 1994)(petitioner's later attempt to raise issues before the Michigan Supreme Court did not constitute exhaustion where he failed to raise the federal claims before the Michigan Court of Appeals); *Schroeder v. Renico*, 156 F. Supp. 2d 838, 844 n.5 (E.D. Mich. 2001); *Winegar v. Corr. Dep't.*, 435 F. Supp. 285, 288-289 (W.D. Mich. 1977).

Petitioner's second, third, and fourth claims are therefore procedurally defaulted because Petitioner failed to present these claims in a correct manner in his appeal of right and the Michigan courts relied on M.C.R. 6.508(D)(3)(a) to deny Petitioner post-conviction relief of these claims.[1]

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner raises two related arguments in an attempt to establish cause to excuse his default. First, Petitioner contends that he wanted to raise these issues in a Rule 11 *pro se* supplemental brief on appeal, but that his appellate counsel failed to provide adequate information about the applicable time limits for filing a *pro se* supplemental brief. Petitioner did not mail his *pro se* supplemental brief to appellate counsel until November 26, 2002, and the brief was not received by appellate counsel's office until December 2, 2002, the day before oral arguments were scheduled on Petitioner's appeal of right. Counsel herself did not actually receive Petitioner's supplemental brief until after she returned from the December 3, 2002, oral arguments. Appellate counsel subsequently

---

[1] As discussed below, Petitioner's ineffective assistance of appellate counsel claim cannot in and of itself be procedurally defaulted. However, for the reasons stated below, Petitioner has failed to show that appellate counsel was ineffective, either to obtain habeas relief on this claim, or to use it to excuse the procedural default of his other claims.

6

returned Petitioner's supplemental brief to him on December 10, 2002, because the brief was untimely.

A criminal defendant has no federal constitutional right to self-representation on direct appeal from a criminal conviction. *Martinez v. Court of Appeal of California,* 528 U.S. 152, 163 (2000). The rights protected by the Sixth Amendment, including the right to self-representation, are available during preparation for the trial and during the trial itself. However, the Sixth Amendment does not include any right to appeal. *Id.* at 160. The Supreme Court has also rejected the idea that the right to self-representation on appeal could be grounded in the Due Process Clause of the Fourteenth Amendment, because "[U]nder the practices that prevail in the Nation today . . . we are entirely unpersuaded that the risk of either disloyalty or suspicion of disloyalty is a sufficient concern to conclude that a constitutional right of self- representation is a necessary component of a fair appellate proceeding." *Id.* at 161. Similarly, there is no constitutional entitlement to submit a *pro se* appellate brief on direct appeal from a criminal conviction when a brief was already submitted by appellate counsel. *See McMeans v. Brigano,* 228 F. 3d 674, 684 (6th Cir. 2000). Thus, appellate counsel's faure to file Petitioner's supplemental *pro se* brief, and the refusal by the Michigan Court of Appeals to accept the brief for filing, does not constitute cause to excuse Petitioner's default in this case. *Id.* The failure also does not state a claim upon which habeas relief can be granted.

Petitioner further alleges that appellate counsel's ineffectiveness in failing to raise Petitioner's second, third, and fourth claims in his appeal of right constitutes adequate cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective.

7

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 754 (1983). The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.*

Moreover, "[A] brief that raises every colorable issue runs the risk of burying good arguments-those that, in the words of the great advocate John W. Davis, 'go for the jugular,'-in a verbal mound made up of strong and weak contentions." *Id.* at 753 (citations omitted).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002)(internal quotations omitted). Appellate counsel may deliver deficient performance– and thereby prejudice a defendant– when counsel omits a "dead-bang winner." *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003)(internal citations omitted). A "dead-bang winner" is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *Id.*

Petitioner has failed to show that by omitting the claims presented in his post-conviction motion for relief from judgment, appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel filed a twenty page brief which raised three claims on direct appeal. Appellate counsel alleged: (1) that the trial court erred in admitting

testimony involving numerous prior bad acts of Petitioner, (2) the trial court erred in permitting a biased juror to remain on the jury, where this juror had previously been represented by Petitioner's counsel and expressed skepticism about the defense of insanity, and (3) trial counsel was ineffective for failing to object to the juror remaining on the jury. Appellate counsel also filed a motion for remand with respect to the ineffective assistance of counsel claim. Petitioner has not shown that appellate counsel's strategy in presenting such claims– and not raising other claims– was deficient or unreasonable so as to amount to cause that would excuse any default. *See Grant,* 920 F. Supp. at 782. Moreover, because the defaulted claims are not "dead bang winners," Petitioner has failed to establish cause for his procedural default of failing to raise all of his claims on direct review. *See United States v. Stanfiel,* 4 Fed. Appx. 691, 693 (10th Cir. 2001); *Meade,* 265 F. Supp. 2d at 872. Because Petitioner has failed to establish cause to excuse a procedural default, the Court need not address the issue of prejudice in this matter. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Bell v. Smith*, 114 F. Supp. 2d 633, 638 (E.D. Mich. 2000).

Additionally, Petitioner has not established that a fundamental miscarriage of justice has occurred. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). Petitioner has made no such showing. Petitioner's second, third, and fourth claims are thus barred by procedural default and do not warrant relief.

Finally, this Court is aware that Petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, the first claim presented in his present petition,

because state post-conviction review was the first opportunity that he had to raise this claim. *See Hicks v. Straub*, 377 F. 3d 538, 558, n. 17 (6th Cir. 2004); *Johnson v. Warren,* 344 F. Supp. 2d 1801, 1089, n. 1 (E.D. Mich. 2004). For the reasons that follow, however, habeas relief is not warranted on this claim.

This Court has already concluded that Petitioner has failed to show that appellate counsel was deficient in failing to raise Petitioner's second, third, and fourth claims on appeal. Moreover, Petitioner is unable to show that he was prejudiced by appellate counsel's failure to raise these claims, in light of the fact that these same claims were presented to the Michigan trial and appellate courts on Petitioner's post-conviction motion for relief from judgment and rejected by the courts. *See Hollin v. Sowders*, 710 F. 2d 264, 265-67 (6th Cir. 1983); *Johnson,* 344 F. Supp. 2d at 1096; *Bair v. Phillips,* 106 F. Supp. 2d 934, 938, 943 (E.D. Mich. 2000); *United States ex rel. Malone v. Uchtman,* 445 F. Supp. 2d 977, 989-90 (N.D. Ill. 2006)(petitioner was not prejudiced by appellate counsel's failure to raise claim on direct appeal because, as shown by state post-conviction court's rejection of claim, petitioner would not have fared better if underlying claims had been raised on direct appeal). The state courts' rulings on Petitioner's motion for post-conviction relief granted Petitioner an adequate substitute for direct appellate review and therefore his attorney's failure to raise these claims in Petitioner's appeal of right did not cause him any injury. *Bair,* 106 F. Supp. 2d at 943 (citing *Gardner v. Ponte*, 817 F. 2d 183, 189 (1st Cir. 1987)). In this case, there is no point in remanding this case to the state courts to reconsider a case that they have already adversely decided. *Gardner*, 817 F. 2d at 189.

**III.    Certificate of Appealability.**

Pursuant to 28 U.S.C. § 2253, before a petitioner may appeal a decision of this Court, the

Court must determine if the petitioner is entitled to a Certificate of Appealability (COA). 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R.App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)).

In applying the above standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the Petitioner's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). "When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Id.* at 323.

After conducting the required inquiry, and for the reasons stated in the order above, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right with respect to any of the claims presented. *See* 28 U.S.C. § 2253(c)(2). Petitioner should not receive any encouragement to proceed further. *Slack*, 529 U.S. at 484. Because the Court can discern no good faith basis for an appeal, *see Miller-El*, 537 U.S. at 338, any appeal would be frivolous. The Court will therefore deny a COA. *See Long v. Stovall,* 450 F. Supp. 2d 746, 755 (E.D. Mich. 2006). The Court will also deny Petitioner leave to appeal *in forma pauperis* because the appeal would be

frivolous. *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

**IV. CONCLUSION**

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus [docket entry #1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** leave to appeal *in forma pauperis.*

**SO ORDERED.**

Dated:  September 11, 2008          s/Stephen J. Murphy, III
                                                   HONORABLE STEPHEN J. MURPHY, III
                                                   UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on  September 11, 2008 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Raina I. Korbakis , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
                                                   Kevin Merkel .

                                                   s/Ruth A. Brissaud
                                                   Ruth A. Brissaud, Case Manager
                                                   (810) 341-7845